IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:14 cv 1808 T 24 EAJ

WINDHAVEN MANAGERS, INC.,

    Plaintiff,

v.

CHARTIS SPECIALTY INSURANCE
COMPANY (N/K/A AIG SPECIALTY
INSURANCE COMPANY),

    Defendant.

_____/



## COMPLAINT

Comes Now, Windhaven Managers, Inc. ("Windhaven"), by and through its undersigned attorneys, brings this Complaint against Chartis Specialty Insurance Company, n/k/a AIG Specialty Insurance Company ("Chartis"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action for Declaratory Relief and Breach of Contract in which Windhaven seeks a judgment that its Professional Liability Insurance carrier, Chartis, failed to provide Windhaven with insurance coverage for a lawsuit that was filed against Windhaven arising out of alleged wrongful acts by Windhaven that fell within the insuring language of its Professional Liability Policy as described more fully below, and which was timely reported to Chartis.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are in complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs. Further, this action is based on 28 U.S.C. § 2201.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)-(c) because all material facts occurred in this district.

## PARTIES

4. Windhaven is a claims administrator for Windhaven Insurance Company and is incorporated in the State of Florida with its principal place of business in Miami, Florida.

5. Chartis is an insurance carrier eligible to do business in Florida and doing business in Florida at all times material and is incorporated in the State of Illinois with its principal place of business in New York, New York.

6. The amount in controversy exceeds the sum of $75,000.00.

7. Venue is proper because a substantial part of the events or omissions giving rise to Windhaven's claims against Chartis occurred in Hillsborough County, Florida.

8. All conditions precedent to the institution and maintenance of this action have occurred, been performed, or been waived.

## **OPERATIVE FACTS**

### *The Underlying Underinsured Motorist Suit*

9. On or about March 24, 2009, Windhaven's insured, Ms. Faye Austin, was involved in a motor vehicle accident with a Hillsborough County transit bus carrying several passengers. Ms. Austin was not cited with regard to the accident.

10. On or about December 23, 2009, Ms. Austin filed a civil lawsuit against Windhaven captioned *Faye A. Austin v. Windhaven Insurance Company*, Case No. 09-31893 (the "Underlying Underinsured Motorist Suit"). A copy of the Complaint is attached as Exhibit "A."

11. The Complaint alleged that (1) Ms. Austin was involved in a motor vehicle accident with a Hillsborough bus and that she sustained injuries in that accident; (2) the bus driver was negligent in the operation of the bus; (3) she had uninsured motorist coverage with Windhaven; (4) the bus company was a self-insured governmental agency pursuant to Florida Statute section 768.28; and (5) therefore, she was entitled to uninsured motorist coverage under the Windhaven policy.

12. On December 23, 2009 Ms. Austin filed a Civil Remedy Notice of Insurer Violation claiming bad faith on the part of Windhaven for failure to settle the uninsured motorist claim.

13. The Underlying Underinsured Motorist Suit continued through trial and a partial judgment in favor of Ms. Austin was entered in the amount of $893,651.85. Partial Final Judgment was entered on July 14, 2011.

14. On October 17, 2011, Windhaven appealed the judgment in the Underlying Underinsured Motorist Suit.

15. The Second District Court of Appeals affirmed the Partial Judgment on October 10, 2012.

### *The Underlying Bad Faith Suit*

16. On June 7, 2011, Ms. Austin moved to amend her Complaint against Windhaven to assert a bad faith claim. The Court granted leave to amend to assert a bad faith claim on July 14, 2011. Ms. Austin's Amended Complaint was filed on July 14, 2011 and is attached as Exhibit "B" (the "Underlying Bad Faith Suit").

17. The Underlying Bad Faith Suit alleges that (1) Windhaven provided underinsured motorist coverage to Ms. Austin, (2) Ms. Austin made a claim for coverage under the policy, (3) Ms. Austin offered to settle the claim within Windhaven's policy limits, (4) Windhaven rejected the offer of settlement in bad faith, and (5) the underinsured motorist suit resulted in a judgment in excess of policy limits.

### *Chartis Policy*

18. Chartis issued an Insurance Company Professional Liability Insurance Policy to Windhaven Managers, Inc., under policy number 01-818-75-09 for the policy period beginning May 1, 2011 and ending May 1, 2012 with a continuity date of May 1, 2006, and limits of $3,000,000 with a $100,000 SIR (the "Policy"), a copy of which is attached as Exhibit "C".

19. The Policy provides:

    1. Insuring Agreement

4

> This Policy shall pay the Loss of the Insured arising from a Claim first made against the Insured during the Policy Period and reported in writing to the Company during the Policy Period or within thirty (30) days after the end of the Policy Period, or during the Discovery Period (if applicable) for any actual or alleged Wrongful Act of the Insured in the rendering of or failure to render Professional Services, but only if such Wrongful Act occurs prior to the end of the Policy Period.

20. The Policy defines "Policy Period" to mean: "(f) . . . the period of time from the inception date shown in Item 2 of the Declarations to the earlier of the expiration date shown in Item 2 of the Declarations or the effective date of cancellation of this policy."

21. The Policy further defines "Insured" as "1. The Named Insured(s) designated in Item 1 of the Declarations (hereinafter referred to as the 'Named Insured') and any Subsidiary thereof; and 2. Any past or present director, officer or employee of the Named Insured or any Subsidiary thereof solely while acting in his or her capacity as such."

22. The Policy defines "Claim" as "1. a written demand for monetary damages; or 2. a judicial, administrative, arbitration or other alternative dispute proceeding in which monetary damages are sought."

### *Notice*

23. On August 26, 2011, Windhaven sent correspondence to Chartis through its claims adjusters regarding the Underlying Bad Faith Suit in order to put Chartis on notice of the Underlying Bad Faith Suit. A copy of this correspondence is attached as Exhibit "D."

24. Chartis did not respond to this letter; nor did it request additional information regarding the claim, or request copies of reports, investigations, pleadings, or any related papers.

25. On November 5, 2012, Windhaven sent a second letter to Chartis providing notice of the lawsuit and requested that Chartis contact Windhaven regarding same. A copy of this correspondence is attached as Exhibit "E."

26. On or about February 12, 2013, Chartis responded by denying the claim under policy number 01-818-75-09 (the May 1, 2011 to May 1, 2012 Policy) because the November 5, 2012 correspondence was not made during the policy period or within thirty days after the end of the policy period. A copy of this correspondence is attached as Exhibit "F."

27. On or about February 20, 2013, Chartis supplemented its denial letter and acknowledged receipt of Windhaven's August 26, 2011 letter (the "February 20 Chartis Letter"). A copy of this correspondence is attached as Exhibit "G."

28. The February 20 Chartis Letter continued to deny Windhaven's claim on grounds that Windhaven: (1) failed to include adequate information in the August 26, 2011 notice letter, (2) incorrectly addressed the August 26, 2011 letter to the correct street address or email address as indicated by the Policy, and (3) failed to provide copies of reports or other papers that Chartis "may reasonably request".

## COUNT I - ACTION FOR DECLARATORY RELIEF

29. Windhaven re-alleges Paragraphs 1-28 above as if set forth fully herein.

30. Upon information and belief, Windhaven was an insured under the Policy.

31. Windhaven's August 26, 2011 letter constituted a "Claim" pursuant to the insuring language of the Policy.

32. The Policy provides coverage to Windhaven for its alleged wrongful acts pursuant to the insuring language of the Policy.

33. Chartis improperly denied coverage to Windhaven for the Underlying Bad Faith Claim.

34. An actual controversy exists between Windhaven and Chartis. Windhaven is uncertain as to its rights under the subject Policy, and is in need of a judicial declaration regarding same.

35. Windhaven has complied with all conditions precedent to filing this lawsuit. Alternatively, to the extent that Windhaven has failed to comply with any conditions precedent, that failure neither prejudiced nor represented a material breach of the subject Policy or compliance with said conditions precedent has been waived.

36. To the extent that Chartis argues that Windhaven has breached a condition on the Policy, Chartis has waived or is estopped from asserting any defenses related to conditions precedent.

37. Windhaven demands a jury trial.

38. Windhaven has been required to hire the undersigned counsel to prosecute this action and is contractually obligated to compensate the undersigned for their services. Windhaven claims its attorneys' fees, legal assistant fees and costs pursuant to section 627.426, *Fla. Stat.*

7

WHEREFORE, Windhaven respectfully requests that this Court declare the rights of the parties as follows:

    (a)    That this Court has jurisdiction over the subject matter; and

    (b)    That this Court has jurisdiction over the parties in this matter; and

    (c)    That Windhaven is an Insured under the Chartis Policy; and

    (d)    That the Policy provides coverage to Windhaven for the Underlying Bad Faith Claim; and

    (e)    That Chartis owes Windhaven attorney's fees and costs pursuant to section 627.426, *Florida Statutes*; and

    (f)    All other relief as is just and proper.

## COUNT II - BREACH OF CONTRACT

39. Windhaven re-alleges Paragraphs 1-28 as if set forth fully herein.

40. Chartis had an obligation to provide coverage to Windhaven for the Underlying Bad Faith Claim.

41. Chartis has breached that obligation by refusing to provide coverage to Windhaven for the Underlying Bad Faith Claim.

42. Windhaven has complied with all conditions precedent to filing this lawsuit. Alternatively, to the extent that Windhaven has failed to comply with any conditions precedent, that failure neither prejudiced nor represented a material breach of the subject Policy or compliance with said conditions precedent has been waived.

43. To the extent that Chartis argues that Windhaven has breached a condition on the Policy, Chartis has waived or is estopped from asserting any defenses related to conditions precedent.

44. Windhaven has been required to hire the undersigned counsel to prosecute this action and is contractually obligated to compensate the undersigned for their services. Windhaven claims its attorneys' fees, legal assistant fees and costs pursuant to section 627.426, *Fla. Stat.*

WHEREFORE, Windhaven Managers, Inc. demands judgment against Chartis Specialty Insurance Company for payment of paid defense costs, prejudgment and post-judgment interest and for such other and further relief that this Court deems just and proper, including attorney's fees and costs pursuant to section 627.426, *Florida Statutes.*

Dated: 7-23-14

Respectfully Submitted,

/s/ John Bond Atkinson
JOHN BOND ATKINSON
Florida Bar No. 0290270
KRYSTINA N. JIRON
Florida Bar No. 915491
Atkinson & Brownell, P.A.
2 South Biscayne Boulevard, Suite 3750
Miami, Florida 33131
Tel. 305-376-8840, Fax. 305-376-8841
*Counsel for Plaintiff*